PEOPLE ex rel. OTTO v. BOARD OF ASSESSORS.  559

Second Department, September Term, 1882.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. C. OTTO, C. MULLER AND OTHERS, APPELLANTS, v. THE BOARD OF ASSESSORS OF THE CITY OF BROOKLYN, RESPONDENTS.

*Taxation — exemption of the property of a benevolent society from — when it does not extend to buildings erected by its lessees — when such buildings are properly assessed as real estate.*

An act relating to the Brooklyn Benevolent Society provided that the real and personal estate which it should hold by virtue of its act of incorporation should be and remain free and exempt from all taxation, except assessments imposed for local improvements, so long as its revenues should be disposed of in accordance with the provisions of the act. Thereafter the society gave leases of certain of the real estate, which it was authorized by its charter to take and hold, for the term of twenty-one years, its lessees being required to erect buildings upon the land and pay a stipulated rent, and all ordinary taxes which might be imposed on the premises. The lease provided for a renewal thereof upon the expiration of the term, and for a further renewal unless the lessors should take and pay for the buildings at their appraised value.

*Held*, that the buildings erected in pursuance of the lease were subject to taxation, and were properly assessed to the lessees as real estate.

APPEAL from an order made at a Special Term affirming, upon the return to a writ of *certiorari*, the action of the board of assessors of the city of Brooklyn authorizing a tax upon the property of the relators.

In 1845, Cornelius Heeney and others were organized as a body corporate under the name of "The Trustees and Associates of the Brooklyn Benevolent Society," by chapter 169 of the Laws of

**560** PEOPLE ex rel. OTTO *v.* BOARD OF ASSESSORS.

SECOND DEPARTMENT, SEPTEMBER TERM, 1882.

that year. By the second section of the act, the corporation was authorized to " take. and hold, by deed of gift, from Cornelius Heeney, the present owner thereof, the parcels of land in the city of Brooklyn, lying between Hicks, Columbia, Congress and Amity streets," and, also, to " take and hold any further real and personal estate that said Cornelius Heeney may convey to it gratuitously, or may bequeath or devise to it by his last will and testament." The third section provides that the rents, issues and income of the said estate shall be expended for the benefit of the poor, and poor orphan children residing in Brooklyn.

In 1846 (by chap. 330, Laws of 1846), the legislature enacted that " the real and personal estate which the trustees and associates of the Brooklyn Benevolent Society shall hold by their act of incorporation, shall be and remain free and exempt from all taxation whatsoever, so long as the revenues thereof shall be disposed of according to the directions of said act; but such exemption shall not extend to assessments laid upon said real estate for purposes of local improvement."

In 1848 the said corporation became the owner of and entitled, in fee, to the land indicated in the incorporating act, and known as the Heeney estate. The land was then vacant. Soon after this, leases of portions of this estate were made to various persons, for a term of eighteen years. They contained a provision that a certain amount of rent should be paid for each lot. It was covenanted in them that the lessees should pay " all such ordinary taxes as may be imposed or grow due, or payable out of, or for, or by reason of the said demised premises, or any part or parcel thereof." It was further covenanted that the lessees should build on their respective lots, good and substantial three-story houses, and keep them in repair. It was also covenanted by the incorporation that at the end of the first term, if the covenants of the leases had been properly performed, new leases for twenty-one years should be granted to the parties of the second part, their executors, administrators or assigns, which second leases should contain covenants that at their expiration the party of the first part should pay to the parties of the second, the just and true value of the buildings erected on the respective lots, to be ascertained in the manner pointed out in the leases, or grant said parties of the second part a third lease containing the same covenants as the second lease.

The relators are owners of buildings which were put upon lots thus leased by the corporation in question. In 1881, the buildings of the relators in question were put upon the assessment-roll by the assessors as taxable property.

It is sought, in this proceeding, to review the action of the assessors in placing the said property on the assessment-roll.

*Thomas H. Rodman*, for the appellants.

*John A. Taylor*, for the respondents.

BARNARD, P. J.:

By chapter 330 of Laws of 1846 the real and personal estate of the Brooklyn Benevolent Society, held under the act incorporating the society, was declared to be exempt from taxation except for local improvements. The society leased certain lots of its land to the relators upon leases for twenty-one years. The relators were bound to build buildings. At the end of the term the society could either pay the value of the buildings so erected or grant a new lease of twenty-one years, and so on. The relators could retain the buildings until they were paid for or have renewals of leases perpetually in terms of twenty-one years.

For the purposes of assessment, land includes structures upon land as separable from the ownership of the fee.

The right to erect structures and to keep possession of them makes the structures land, and taxable as such, whomsoever owns the fee. (*People* v. *Cassity*, 46 N. Y., 46; *Smith* v. *The Mayor*, 68 id., 552; *The People ex rel. Van Nest* v. *Commissioners of Taxes*, etc., 80 id., 573; *The People ex rel. N. Y. Elevated R. R. Co.* v. *Same*, 82 id., 459.)

The relators were therefore properly assessed, and the proceedings of the commissioners should be affirmed, with costs.

DYKMAN, J., concurred; CULLEN, J., not sitting.

Judgment affirming proceedings of assessors affirmed, with costs.